IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COMMERCE ASSOCIATES, LP and 1000 COMMERCE CENTER, LP, | § § § | No. 218, 2016 |
| Plaintiffs Below, Appellants, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. N15A-07-009 |
| NEW CASTLE COUNTY OFFICE OF ASSESSMENT and NEW CASTLE COUNTY BOARD OF ASSESSMENT REVIEW, | § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: April 5, 2017
Decided: April 11, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices; **SLIGHTS**, Vice Chancellor,[*] constituting the Court *en Banc*.

Upon appeal from the Superior Court. **REVERSED**.

Richard A. Forsten, Esquire (*Argued*), Olufunke Fagbami, Esquire, Saul Ewing LLP, Wilmington, Delaware, for Appellants Commerce Associates, LP and 1000 Commerce Center, LP.

Adam Singer, Esquire (*Argued*), Tanisha L. Merced, Esquire, New Castle County Office of Law, New Castle, Delaware, for Appellees New Castle County Office of Assessment and New Castle County Board of Assessment Review.

**STRINE**, Chief Justice:

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

## I.

In this case, the New Castle County Office of Assessment ("New Castle County") valued office condominium units for real property tax purposes but failed to take into account depreciation. The Superior Court affirmed the decision of the New Castle County Board of Assessment Review (the "Board") upholding New Castle County's valuation.[1] The property owner appeals, arguing that its office condominium units were over-assessed because New Castle County and the Board did not factor in the age and resulting depreciation of the units. Because Delaware law requires that all relevant factors bearing on the value of a property—in its current condition—be considered,[2] we reverse and require that New Castle County reassess the value of the units, taking into account the influence depreciation has on their taxable value.

## II.

This case raises the singular issue of whether depreciation must be considered in valuing a property for tax assessment purposes.[3] The appellant,

---

[1] *Commerce Associates, LP v. New Castle Cnty. Office of Assessment*, 2016 WL 3457820 (Del. Super. Apr. 1, 2016).

[2] *See Brennan v. Black*, 104 A.2d 777, 794 (Del. 1954) ("In construing this statute our courts have followed the general principle that all elements entering into the value of property are pertinent and relevant and to be considered by the assessors in valuing it."); *see also Delaware Racing Ass'n v. McMahon*, 340 A.2d 837, 843 (Del. 1975) ("[A]ll elements entering into the value of property are relevant and must be considered by the assessors in determining value.") (quoting *Moskowitz v. Mayor of Wilmington*, 1974 WL 172919, at *2 (Del. Super. Jan. 4, 1974)).

[3] Depreciation is an economic concept that deals with the obvious reality that something that is not new can become less useful, pristine, and thus valuable over time. How the concept is

Commerce Associates, LP, owns four units in One Commerce Center, an eleven-story condominium office building located at 1201 North Orange Street, Wilmington, Delaware.[4] One Commerce Center was constructed in 1983. The current tax assessment value of each of the units owned by Commerce Associates is $432,900. New Castle County uses a "base year" approach in assessing properties for tax purposes. Two methods for calculating the base year value are commonly used in the New Castle County assessment process: i) calculating the current fair market value of the units and "trending back" that amount to the 1983 value; and ii) calculating what the current fair market value of the units would have been in 1983 using data from 1983. Under both methods, a fixed rate of taxation is then applied to the base year amount to reach a uniform result. In this case, Commerce Associates used both methods. New Castle County only used the second.

---

applied can depend on the valuation method being used and the asset being valued, but the basic idea is central to valuing any asset that is not new. *See generally* CLYDE P. STICKNEY & ROMAN L. WEIL, FINANCIAL ACCOUNTING: AN INTRODUCTION TO CONCEPTS, METHODS, AND USES 131 (8th ed. 1997); SHANNON PRATT, THE LAWYER'S BUSINESS VALUATION HANDBOOK 243 (2000). In the past, Delaware courts have addressed the concept of depreciation and its relevance to valuing real property in the tax assessment process. *E.g.*, *Delaware Racing Ass'n v. McMahon*, 340 A.2d 837, 843 (Del. 1975) (citing *Application of Putnam Theatrical Corp.*, 228 N.Y.S.2d 93 (1962); *New York Yankees, Inc. v. Tax Comm. of City of N.Y.*, 345 N.Y.S.2d 858 (1973)) (referring to depreciation as the "physical wear and tear occasioned by the elements; functional obsolescence by reason of inadequate design and deficiencies in the property itself for the intended purpose; and economic obsolescence by way of the conditions that environ a structure").

[4] Appellant Commerce Associates, LP owns the four units subject to this appeal. Commerce Associates, LP owns one of those units as a successor to Appellant 1000 Commerce Center, LP. App. to Appellants' Opening Br. at A004 (Initial Appeal (without exhibits)).

On appeal, Commerce Associates claims that New Castle County did not appropriately take into account depreciation in assessing its office condominium units for tax purposes, and that the proper assessment value is $249,000. In defense, New Castle County argues that because it uses 1983 as a base year for value and the properties in question were brand new in 1983, it does not need to apply depreciation to the value of the units as of 1983. But, there is an obvious flaw in that reasoning.[5] Although New Castle County is permitted to use the base year approach,[6] it must then consider what the value of the units—in their current conditions—would have been in 1983, and so must the Board.[7] Here, despite the reality that the units are now more than 34 years old, New Castle County did not take into account any depreciation, and neither did the Board when the case was presented to it.

It is not necessarily the case that depreciation will always result in a diminution in value—that depends on the interrelationship of depreciation to other economic factors—but it must be fairly considered to reach a valuation. For

---

[5] The decision of the New Castle County Board of Assessment Review is deemed to be "prima facie correct" and will be disturbed only if the Board "acted contrary to law, fraudulently, arbitrarily or capriciously." *Shahin v. City of Dover Bd. of Assessment Appeals*, 149 A.3d 227 (Del. Sept. 27, 2016) (TABLE).

[6] *Bd. of Assessment Review for New Castle Cnty. v. Stewart*, 378 A.2d 113, 116 (Del. 1977) (upholding New Castle County's use of the base year formula for valuing property).

[7] Delaware law requires that property be assessed based on its true value in money, 9 *Del. C.* § 8306(a), which means "the price which would be agreed upon by a willing seller and a willing buyer, under ordinary circumstances, neither party being under any compulsion to buy or sell," *Seaford Assocs., L.P. v. Bd. of Assessment Review*, 539 A.2d 1045, 1048 (Del. 1988).

example, the reality that an older building does suffer from depreciation does not mean that it necessarily declines in value. An older building could appreciate in value, depending on a major known real estate factor ("location, location, location") or other factors.[8] In other words, New Castle County and the Board must consider all relevant factors bearing on what the units, in their current conditions, would have been valued at in 1983.[9] That includes the age of the office building and the resulting depreciation.

## III.

Because New Castle County and the Board did not take depreciation into account, the Superior Court erred by affirming the decision of the Board. Accordingly, the Superior Court's decision of April 1, 2016[10] is reversed and the matter is remanded for further proceedings consistent with this Opinion.[11]

---

[8] Appreciation is "[a]n increase in economic value caused by rising market prices for an asset." STICKNEY & WEIL *supra* note 3, at G-7.

[9] *See supra* note 1.

[10] *Commerce Associates, LP v. New Castle Cnty. Office of Assessment*, 2016 WL 3457820 (Del. Super. Apr. 1, 2016).

[11] The Superior Court should remand the matter to the Board, which should require New Castle County to reassess the value of the units, taking into account all relevant factors, including, specifically depreciation. Commerce Associates may accept this revised assessment value or pursue a new hearing.

4